IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE AMERICAN INSURANCE COMPANY, as subrogee of ONE RIVERPLACE, LLC 777 San Marin Drive Novato, CA 94998<br><br>Plaintiff,<br><br>v.<br><br>A.R. MYERS CORPORATION 1300 East 8th Street Wilmington, DE 19801<br><br>and<br><br>ENTERPRISE MASONRY CORPORATION 2 North Colonial Avenue Elsmere, DE 19805<br><br>Defendants. | CIVIL ACTION NO.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, The American Insurance Company, as subrogee of One Riverplace, LLC, by and through its counsel, Cozen O'Connor, hereby demands judgment against defendants, A.R. Myers Corporation and Enterprise Masonry Corporation, and complains against defendants as follows:

## PARTIES

1. Plaintiff, The American Insurance Company ("American"), is a corporation duly organized and existing under the laws of the State of Nebraska with its principal place of business located at 777 San Marin Drive, Novato, California, and, at all times relevant hereto, was engaged in the insurance business and was licensed to do business in the State of Delaware.

2. Plaintiff's insured, One Riverplace, LLC ("Riverplace"), is a limited liability corporation duly organized and existing under the laws of the State of Delaware with its

principal place of business located at 300 Water Street, Wilmington, Delaware, and, at all times relevant hereto, owned the real and personal property located at One Riverplace in Wilmington, Delaware (the "Property").

3. Defendant, A.R. Myers Corporation ("Myers"), upon information and belief, is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 1300 East 8th Street, Wilmington, Delaware, and, at all times relevant hereto, was engaged, *inter alia*, in the architectural metal, glass and glazing contracting business.

4. Defendant, Enterprise Masonry Corporation ("Enterprise"), upon information and belief, is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at 2 North Colonial Avenue, Elsmere, Delaware, and, at all times relevant hereto, was engaged, *inter alia*, in the commercial masonry contracting business.

5. American issued Policy No. MXX 80844033 to Riverplace for the period May 24, 2005, through May 24, 2006, insuring the Property

6. American has already made payments to Riverplace under the aforementioned Policy in an amount in excess of $225,000.00 and expects to make additional payments for damages that resulted from water infiltration that occurred on or about March 20, 2006, at the Property and is subrogated to the rights of its insured to the extent of its payments pursuant to the terms of the Policy, and now seeks recovery of said payments.

**JURISDICTION AND VENUE**

7. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between citizens of different states and an amount in controversy which exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the event giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

10. On or about May 5, 2004, Myers entered into a written contract with Riverplace to perform various construction work at the Property.

11. Pursuant to the contract, Myers was to provide aluminum windows, doors, storefronts, curtainwall, supports, and the materials necessary for installation at the Property.

12. Pursuant to the contract, Myers was to provide caulking around all window openings at the Property.

13. On or about May 3, 2004, Enterprise entered into a written contract with Riverplace to perform various construction work at the Property.

14. Pursuant to the contract, Enterprise was to provide all masonry work and accessories for the complete installation that included, but was not limited to, cast stone, flashing, CMU, brick veneer, ties, control joints, cavity drainage material, and reinforcing material.

15. Myers had exclusive custody and control over its portion of the construction work that was being performed at the Property.

16. Enterprise had exclusive custody and control over its portion of the construction work that was being performed at the Property.

17. On or about March 20, 2006, it was discovered that water had infiltrated the Property.

18. As a direct and proximate result of the aforementioned water infiltration, Riverplace's Property was severely damaged and destroyed.

19. As a direct and proximate result of the aforementioned water infiltration, Riverplace suffered damage and destruction to its Property in an amount in excess of $225,000.00.

## COUNT I – NEGLIGENCE
### THE AMERICAN INSURANCE COMPANY v. A.R. MYERS CORPORATION

20. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

21. The damage and destruction to Riverplace's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions of Myers, by and through its agents, subagents, servants, representatives, workmen, employees and/or subcontractors acting within the course and scope of their employment. Said acts and/or omissions consisted of:

(a) failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while performing its portion of the construction work at the Property;

(b) failing to properly and adequately install the aluminum windows, doors, storefronts, curtainwall and supports at the Property;

(c) failing to properly and adequately caulk around all window openings at the Property;

(d) failing to properly supervise and inspect the installation of the aluminum windows, doors, storefronts, curtainwall and supports at the Property;

(e) failing to properly supervise and inspect the installation of the caulk around all window openings at the Property;

(f) failing to take necessary and reasonable precautions in order to safeguard the Property from the risk of water infiltration;

(g) improperly permitting and/or causing the aforesaid aluminum windows, doors, storefronts, curtainwall and supports to be installed in an unsafe and defective manner;

(h) improperly permitting and/or causing the aforesaid caulking around all window openings to be installed in an unsafe and defective manner;

(i) failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the aforesaid aluminum windows, doors, storefronts, curtainwall and supports;

(j) failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the caulking around all window openings;

(k) failing to properly inspect and/or correct the defective conditions with the aluminum windows, doors, storefronts, curtainwall and supports that Myers knew or should have known existed and created an unreasonable risk of harm to the Property;

(l) failing to properly inspect and/or correct the defective conditions with the caulking around all window openings that Myers knew or should have known existed and created an unreasonable risk of harm to the Property;

(m) failing to apply the degree of skill that would customarily be brought to the installation of the aforesaid aluminum windows, doors, storefronts, curtainwall and supports by competent and skilled contractors in or about the relevant community;

(n) failing to apply the degree of skill that would customarily be brought to the installation of the caulking around all window openings at the Property by competent and skilled contractors in or about the relevant community;

(o) failing to install the aluminum windows, doors, storefronts, curtainwall and supports in accordance with recognized industry standards, practices, procedures, means and methods;

(p) failing to install the caulking around all window openings in accordance with recognized industry standards, practices, procedures, means and methods;

(q) failing to install the aluminum windows, doors, storefronts, curtainwall and supports in accordance with applicable codes, statutes and ordinances;

(r) failing to perform its work in a good and workmanlike manner; and

(s) otherwise failing to use due care under the circumstances.

22. As a direct and proximate result of Myers' negligent, careless, and/or reckless acts and/or omissions, Riverplace suffered damage and destruction to its Property in an amount in excess of $225,000.00.

WHEREFORE, plaintiff, The American Insurance Company, as subrogee of One Riverplace, LLC, hereby demands judgment against defendant, A.R. Myers Corporation, for damages in an amount in excess of $225,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

**COUNT II – BREACH OF CONTRACT**
**THE AMERICAN INSURANCE COMPANY v. A.R. MYERS CORPORATION**

23. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

24. Pursuant to the aforesaid contract, Myers was to conduct all field investigations, research, review and other due diligence activities necessary to be fully familiar with the construction project's requirements, field conditions and resource data.

25. Pursuant to the aforesaid contract, Myers was to perform its work in a skillful and competent manner in accordance with the standards of the construction industry established by

firms recognized by industry experts as the most competitive with respect to, among other things, cost effectiveness, efficiency, quality of work, management skills, ethical standards and responsiveness.

26.  Pursuant to the aforesaid contract, Myers was responsible for the errors, misconduct, omissions and negligent acts of its agents, subagents, servants, representatives, workmen, employees and/or subcontractors.

27.  The damage and destruction to Riverplace's Property was caused by and resulted from the breach of contract of Myers, by and through its agents, subagents, servants, representatives, workmen, employees and/or subcontractors, acting within the course and scope of their employment, which consisted of the following acts and/or omissions:

(a)  failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while performing its portion of the construction work at the Property;

(b)  failing to properly and adequately install the aluminum windows, doors, storefronts, curtainwall and supports at the Property;

(c)  failing to properly and adequately caulk around all window openings at the Property;

(d)  failing to properly supervise and inspect the installation of the aluminum windows, doors, storefronts, curtainwall and supports at the Property;

(e)  failing to properly supervise and inspect the installation of the caulk around all window openings at the Property;

(f)  failing to take necessary and reasonable precautions in order to safeguard the Property from the risk of water infiltration;

(g) improperly permitting and/or causing the aforesaid aluminum windows, doors, storefronts, curtainwall and supports to be installed in an unsafe and defective manner;

(h) improperly permitting and/or causing the aforesaid caulking around all window openings to be installed in an unsafe and defective manner;

(i) failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the aforesaid aluminum windows, doors, storefronts, curtainwall and supports;

(j) failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the caulking around all window openings;

(k) failing to properly inspect and/or correct the defective conditions with the aluminum windows, doors, storefronts, curtainwall and supports that Myers knew or should have known existed and created an unreasonable risk of harm to the Property;

(l) failing to properly inspect and/or correct the defective conditions with the caulking around all window openings that Myers knew or should have known existed and created an unreasonable risk of harm to the Property;

(m) failing to apply the degree of skill that would customarily be brought to the installation of the aforesaid aluminum windows, doors, storefronts, curtainwall and supports by competent and skilled contractors in or about the relevant community;

(n) failing to apply the degree of skill that would customarily be brought to the installation of the caulking around all window openings at the Property by competent and skilled contractors in or about the relevant community;

(o) failing to install the aluminum windows, doors, storefronts, curtainwall and supports in accordance with recognized industry standards, practices, procedures, means and methods;

(p) failing to install the caulking around all window openings in accordance with recognized industry standards, practices, procedures, means and methods;

(q) failing to install the aluminum windows, doors, storefronts, curtainwall and supports in accordance with applicable codes, statutes and ordinances;

(r) failing to perform its work in a good and workmanlike manner; and

(s) acting otherwise in a manner which amounted to a breach of contract by Myers.

28. As a direct and proximate result of Myers' breach of contract, Riverplace suffered damage and destruction to its Property in an amount in excess of $225,000.00.

WHEREFORE, plaintiff, The American Insurance Company, as subrogee of One Riverplace, LLC, hereby demands judgment against defendant, A.R. Myers Corporation, for damages in an amount in excess of $225,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

**COUNT III – NEGLIGENCE**
**THE AMERICAN INSURANCE COMPANY v. ENTERPRISE MASONRY CORP.**

29. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

30. The damage and destruction to Riverplace's Property was caused by and resulted from the negligent, careless and/or reckless acts and/or omissions of Enterprise, by and through its agents, subagents, servants, representatives, workmen, employees and/or subcontractors acting within the course and scope of their employment. Said acts and/or omissions consisted of:

(a) failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and

safe means and methods were used while performing its portion of the construction work at the Property;

(b)    failing to properly and adequately install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material at the Property;

(c)    failing to properly supervise and inspect the installation of the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material at the Property;

(d)    failing to take necessary and reasonable precautions in order to safeguard the Property from the risk of water infiltration;

(e)    improperly permitting and/or causing the aforesaid cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material to be installed in an unsafe and defective manner;

(f)    failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material;

(g)    failing to properly inspect and/or correct the defective conditions with the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material that Enterprise knew or should have known existed and created an unreasonable risk of harm to the Property;

(h)    failing to apply the degree of skill that would customarily be brought to the installation of the aforesaid cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material by competent and skilled contractors in or about the relevant community;

(i)     failing to install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material in accordance with recognized industry standards, practices, procedures, means and methods;

(j)     failing to install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material in accordance with applicable codes, statutes and ordinances;

(k)     failing to perform its work in a good and workmanlike manner; and

(l)     otherwise failing to use due care under the circumstances.

31.    As a direct and proximate result of Enterprise's negligent, careless, and/or reckless acts and/or omissions, Riverplace suffered damage and destruction to its Property in an amount in excess of $225,000.00.

WHEREFORE, plaintiff, The American Insurance Company, as subrogee of One Riverplace, LLC, hereby demands judgment against defendant, Enterprise Masonry Corporation, for damages in an amount in excess of $225,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

### COUNT IV – BREACH OF CONTRACT
### THE AMERICAN INSURANCE COMPANY v. ENTERPRISE MASONRY CORP.

32.    Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

33.    Pursuant to the aforesaid contract, Enterprise was to conduct all field investigations, research, review and other due diligence activities necessary to be fully familiar with the construction project's requirements, field conditions and resource data.

34.    Pursuant to the aforesaid contract, Enterprise was to perform its work in a skillful and competent manner in accordance with the standards of the construction industry established by firms recognized by industry experts as the most competitive with respect to, among other

11

things, cost effectiveness, efficiency, quality of work, management skills, ethical standards and responsiveness.

35. Pursuant to the aforesaid contract, Enterprise was responsible for the errors, misconduct, omissions and negligent acts of its agents, subagents, servants, representatives, workmen, employees and/or subcontractors.

36. The damage and destruction to Riverplace's Property was caused by and resulted from the breach of contract of Enterprise, by and through its agents, subagents, servants, representatives, workmen, employees and/or subcontractors, acting within the course and scope of their employment, which consisted of the following acts and/or omissions:

(a) failing to properly and adequately hire, train and supervise its agents, subagents, servants, representatives, workmen, employees and/or subcontractors to ensure that proper and safe means and methods were used while performing its portion of the construction work at the Property;

(b) failing to properly and adequately install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material at the Property;

(c) failing to properly supervise and inspect the installation of the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material at the Property;

(d) failing to take necessary and reasonable precautions in order to safeguard the Property from the risk of water infiltration;

(e) improperly permitting and/or causing the aforesaid cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material to be installed in an unsafe and defective manner;

(f) failing to warn Riverplace of the danger presented to its Property by the use of inadequate means, methods, techniques, sequences and procedures in the installation of the aforesaid cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material;

(g) failing to properly inspect and/or correct the defective conditions with the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material that Enterprise knew or should have known existed and created an unreasonable risk of harm to the Property;

(h) failing to apply the degree of skill that would customarily be brought to the installation of the aforesaid cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material by competent and skilled contractors in or about the relevant community;

(i) failing to install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material in accordance with recognized industry standards, practices, procedures, means and methods;

(j) failing to install the cast stone, flashing, CMU, brick veneers, ties, control joints, cavity drainage material and reinforcing material in accordance with applicable codes, statutes and ordinances;

(k) failing to perform its work in a good and workmanlike manner; and

(l) acting otherwise in a manner which amounted to a breach of contract by Enterprise.

37. As a direct and proximate result of Enterprise's breach of contract, Riverplace suffered damage and destruction to its Property in an amount in excess of $225,000.00.

WHEREFORE, plaintiff, The American Insurance Company, as subrogee of One Riverplace, LLC, hereby demands judgment against defendant, Enterprise Masonry Corporation, for damages in an amount in excess of $225,000.00, together with interest, costs, attorneys' fees and such other damages as may properly be awarded by this Court.

Dated: March 7, 2008

                                            Sean J. Bellew (#4072)
                                            COZEN O'CONNOR
                                            1201 North Market Street, Suite 1400
                                            Wilmington, DE 19801
                                            Telephone:  (302) 295-2000
                                            Facsimile:  (302) 295-2013

                                            Attorneys for Plaintiff,
                                            The American Insurance Company

OF COUNSEL:

William E. Gericke, Esquire
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone:  (215) 665-2000

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

## I. (a) PLAINTIFFS
The American Insurance Company as subrogee of One Riverplace, LLC
777 San Marin Drive
Novato, CA 94998

## DEFENDANTS
A.R. Myers Corporation                 Enterprise Masonry Corporation
1300 East 8th Street                   2 North Colonial Avenue
Wilmington, DE 19801                   Elsmere, DE 19805

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Marin
    (EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New Castle
    (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Sean J. Bellew, Esquire, Cozen O'Connor, 1201 North Market Street, Suite 1400
Wilmington, DE 19801
(302) 295-2000

ATTORNEYS (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 DIVERSITY (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting &Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Jurisdiction is invoked purusant to 28 U.S.C. § 1332 (a)(1)

Brief description of cause:
Property damage resulting from defendants' negligence as set forth in Complaint.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 225,000.00
Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASES(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE
March 7, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT# _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 1:08-cv-00138-GMS   Document 1-3   Filed 03/07/2008   Page 1 of 1

✎AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of _____

Plaintiff

V.

Defendant

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

Date _____    United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.